MR. L., on his own behalf and as parent and guardian of M., Plaintiff–Appellant,

v.

Ralph SLOAN, Superintendent of Norwalk Public Schools, and Norwalk Board of Education, Defendants–Appellees.

Docket No. 05–2967–CV.

United States Court of Appeals, Second Circuit.

Argued: May 12, 2006.

Decided: May 18, 2006.

Catherine L. Williams, Connecticut Legal Services, Inc. (Anne Louise Blanchard, Connecticut Legal Services, Inc; Douglas M. Crockett, on the brief), Bridgeport, Connecticut, for Plaintiff–Appellant.

Richard J. Buturla, Berchem, Moses & Devlin, P.C., Milford, Connecticut, for Defendants–Appellees.

Before: SOTOMAYOR, WESLEY, and HALL, Circuit Judges.

SOTOMAYOR, Circuit Judge.

Mr. L., on his own behalf and as parent and guardian of M., appeals from a judgment of the United States District Court for the District of Connecticut (Alvin W. Thompson, J.) granting summary judgment to defendants-appellees Ralph Sloan, Superintendent of the Norwalk Public Schools, and the Norwalk Board of Education (the "Board") on Mr. L.'s claim for attorney's fees pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(1) as a prevailing party under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400–1487. The threshold question presented on this appeal is whether the holding of *Buckhannon Board & Care Home, Inc. v.*

*West Virginia Department of Health & Human Resources,* 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001), that a "prevailing party" under federal fee-shifting statutes is one who has achieved a judicially sanctioned change in the legal relationship among the parties, such as a judgment on the merits or a court-ordered consent decree, *id.* at 604, 121 S.Ct. 1835, applies to "prevailing defendant" cases. We hold that it does and hold further that Mr. L. is not a prevailing defendant under this standard. We therefore affirm the judgment of the district court.

## BACKGROUND

In the summer of 1996, Mr. L., the father and guardian of M., a student attending a school with a program designed for children with emotional disturbance, requested that M. be permitted to attend regular education classes in the Norwalk public schools. The Board members of the Planning and Placement Team that evaluated M. opposed the request because they believed that M. continued to require special education services under the IDEA at the school he had been attending. The Board requested a special education due process hearing, pursuant to 20 U.S.C. § 1415(f), to obtain a hearing officer's order permitting it to continue providing special education services to M. at that school despite Mr. L.'s request that M. be allowed to attend regular public school classes. Following a series of hearings, a comprehensive evaluation of M., and a diagnostic special education placement, the parties informed the hearing officer that they were discussing settlement. Although the hearing officer established two successive deadlines by which the parties should file a stipulation, the parties did not do so, and the hearing officer therefore dismissed the case without prejudice. The parties had reached an agreement on M.'s placement, but had been unable to agree

on language describing this placement for the purposes of a stipulation that would resolve the case.

Mr. L. thereafter filed suit in the district court seeking attorney's fees under the IDEA as a prevailing party in the administrative proceeding. The district court granted the defendants' motion for summary judgment on the ground that Mr. L. was not a prevailing party in that proceeding under *Buckhannon* because the parties entered into a private settlement that was never approved by the hearing officer or made part of any administrative order. This timely appeal followed.

## DISCUSSION

■ Mr. L. contends that the district court erred in granting summary judgment to defendants on his claim for attorney's fees under the IDEA. Although we review a district's decision to grant or deny attorney's fees for abuse of discretion, we review the district court's interpretation of the relevant fee-shifting statute *de novo. A.R. v. N.Y. City Dep't of Educ.,* 407 F.3d 65, 73 (2d Cir.2005).

The IDEA contains a fee-shifting provision under which a district court, in its discretion, may award attorney's fees "to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I). The threshold question presented on this appeal is whether Mr. L., the parent of a child with a disability, is a prevailing party to whom the district court could have awarded attorney's fees. Because the Board initiated the administrative due process hearing, Mr. L. seeks attorney's fees as a prevailing defendant.

In *Buckhannon,* the Supreme Court considered the question of whether a "prevailing party," as that term is used in federal fee-shifting statutes, "includes a

party that has failed to secure a judgment on the merits or a court-ordered consent decree, but has nonetheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." 532 U.S. at 600, 121 S.Ct. 1835. The Court held that a prevailing party is one who has achieved a judicially sanctioned change in the legal relationship of the parties, via a judgment on the merits or a court-ordered consent decree, *id.* at 604, 121 S.Ct. 1835, and rejected the view that a party who obtains a favorable private settlement may be awarded attorney's fees, *id.* at 605, 121 S.Ct. 1835.

In *A.R.*, 407 F.3d 65, we considered the application of *Buckhannon* to the IDEA's fee-shifting statute and, specifically, whether a party who prevails in an administrative proceeding under the IDEA by winning an *"administrative* consent decree" may be awarded attorney's fees under the statute. We noted initially that *Buckhannon*'s reference to *"judicially* sanctioned change in the legal relationship of the parties," 532 U.S. at 605, 121 S.Ct. 1835 (emphasis added), "does not map perfectly onto the meaning of 'prevailing party' as used in the context of IDEA administrative proceedings," *A.R.*, 407 F.3d at 76. We reasoned, however, that a decision on the merits in an IDEA administrative proceeding constitutes "administrative imprimatur," that such an order changes the legal relationship between the parties, and that such a decision is judicially enforceable. *Id.* We therefore held that a winning party in an IDEA administrative proceed-

ing is a "prevailing party" under *Buckhannon*'s principles. *Id.* We concluded that "administrative consent decrees," like administrative orders, create a material alteration of the legal relationship of the parties necessary to permit an award of attorney's fees, *id.* at 77, but noted that where an administrative proceeding results in a purely private settlement, there is no administrative imprimatur and thus no "prevailing party" under *Buckhannon*, *id.*

Here, Mr. L. argues that the holding of *Buckhannon* applies only to prevailing-plaintiff cases and that under Supreme Court caselaw on the award of attorney's fees to prevailing defendants, he is entitled to attorney's fees. We disagree. In considering a claim for attorney's fees under a federal fee-shifting statute, a district court must ordinarily make two determinations. It must first determine whether the party seeking the award is in fact a prevailing party. If the party is a prevailing party, the court must then determine whether, under the appropriate standard, that party should be awarded attorney's fees. Because we hold that the rule of *Buckhannon* applies at the first step of this analysis, regardless of whether the party seeking fees is a plaintiff or a defendant,[1] and further hold that Mr. L. is not a prevailing defendant under this standard, we do not reach the open question in this Circuit of what standard applies under the IDEA for determining whether a prevailing-defendant parent should be awarded attorney's fees.[2]

---

**1.** We reject Mr. L.'s argument that applying *Buckhannon* to prevailing-defendant cases eliminates a defendant's eligibility for attorney's fees unless the defendant filed and prevailed on a counterclaim. As applied to prevailing-defendant cases, *Buckhannon* requires only that the judgment or consent decree be entered in the defendant's favor, not that the

defendant be accorded some "relief" it had sought.

**2.** The IDEA specifically provides that a prevailing-defendant *educational agency* may be awarded attorney's fees only where the complaint was "frivolous, unreasonable, or without foundation," or where the complainant "continued to litigate after the litigation

During the course of the administrative proceedings underlying this case, Mr. L. and the Board informed the hearing officer that they were discussing settlement. The hearing officer established two successive dates by which the case would be dismissed if the parties were not able to agree on language for a stipulation of settlement. Although the parties entered into an agreement concerning M.'s placement that was favorable to Mr. L., they were unable to agree on language for a stipulation by the date established by the hearing officer. The hearing officer thus dismissed the case without prejudice. It is clear to us that the parties' settlement here, unlike that in *A.R.*, was purely private and therefore does not constitute an administratively sanctioned change in the legal relationship of the parties that is judicially enforceable. As the district court noted, the parties' settlement was neither approved by the hearing officer nor incorporated into the order of dismissal. We therefore conclude that Mr. L. is not a prevailing party within the meaning of 20 U.S.C. § 1415(i)(3)(B)(i)(I) to whom the district court, in its discretion, could have granted attorney's fees.

### CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.

clearly became frivolous, unreasonable, or without foundation." 20 U.S.C. § 1415(i)(3)(B)(i)(II). With respect to prevailing-defendant educational agencies, therefore, Congress explicitly adopted the standard applicable to prevailing defendants in civil rights cases established in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). The statute is silent, however, as to the standard to be applied to prevailing-defendant parents. We note simply that in interpreting fee-shifting statutes and determining the applicable standard for cabining judicial discretion to award attorney's fees, the Supreme Court has considered the policies and goals of the relevant statute. *See Martin v. Franklin Capital Corp.*, —— U.S. ——, 126 S.Ct. 704, 709–11, 163 L.Ed.2d 547 (2005); *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 524–27, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994); *Christiansburg Garment Co.*, 434 U.S. at 418–19, 420–21, 98 S.Ct. 694.